UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JIMMY SMITH,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-01702 (VLB) |
| SABINE NYENHUIS and | : | |
| MICHAEL MORRISSEY, | : | |
|     Defendants. | : | June 19, 2009 |

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, [Doc. #96] DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [Doc. #99] AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [Docs. ##81, 82]

The plaintiff Jimmy Smith, pro se, brought this case claiming false arrest and invasion of privacy in violation of 42 U.S.C. § 1983 against Sabine Nyenhuis, an officer of the Hartford Police Department, and Michael Morrissey, an officer of the Manchester Police Department. This case arises out of a polygraph examination taken by the plaintiff prior to his arrest and eventual conviction for risk of injury to a minor. The defendants have moved for summary judgment arguing that there is no disputed issue of material fact and they are entitled to judgment as a mater of law. In response, the plaintiff has moved to amend his complaint and strike evidence of his conviction on the underlying charges.

As a first matter, plaintiff's motion to amend his complaint is deficient, as he has not attached a copy of his proposed amended complaint; further, his motion does not address the issue of prejudice to the defendants inherent in asserting new claims in a case that has been pending for over a year and a half.

1

Therefore, his motion to amend the complaint is denied. [Doc. #99]

Second, the plaintiff's motion to strike the evidence of his conviction for risk of injury to a minor is denied. Nyenhuis has submitted a transcript of Smith's state court guilty plea under the Alford doctrine. [Doc. #98, Ex. B] While the plaintiff's plea is not admissible on the issue of credibility, the underlying conviction, as opposed to the plea, is admissible for its legal consequences. See Burrell v. United States, 384 F.3d 22, 29 (2d Cir. 2004).

The legal consequence of the plaintiff's Alford plea is to preclude his claim of false arrest. An indispensable element of a claim for false arrest is that the underlying charges terminated in the plaintiff's favor. "A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim." Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992). As the plaintiff was convicted for the underlying offense, his false arrest claim fails as a matter of law.

The defendants also argue that there is no disputed issue of material fact with respect to the plaintiff's invasion of privacy claim.

> Plaintiff's constitutional invasion of privacy claim involves his substantive due process right in avoiding public disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 600, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). The first element of the claim requires the plaintiff to show that he had a privacy interest in the information allegedly disclosed. To make this showing, the plaintiff must demonstrate that he had a reasonable expectation of privacy. Sean R. v. Bd. of Educ. of Woodbridge, 794 F. Supp. 467, 469 (D.Conn. 1992).

**Risica ex rel. Risica v. Dumas**, 466 F. Supp. 2d 434, 440 (D. Conn., 2006). Smith signed a rights waiver form before undergoing the polygraph test which indicated that he understood that anything he said could and would be used against him in court and that he undertook the polygraph test freely and voluntarily. [Doc. #82, Ex. A] Morrissey later sent the polygraph results to Nyenhuis, who used the polygraph results to obtain an arrest warrant in court, therefore doing exactly what the waiver form said the Manchester Police would do. Smith has now submitted an affidavit claiming that he was coerced into taking the polygraph test, but his own complaint states that he took the polygraph test voluntarily. [Doc. #1] "[Plaintiff] cannot create a genuine issue of material fact by contradicting his statements in prior pleadings and prior sworn testimony with a conclusory statement lacking supporting argument and facts." **Healy v. The City of New York Department of Sanitation**, No. 04 Civ. 7344, 2006 WL 3457702 at *5 (S.D.N.Y. Nov. 22, 2006). The Court concludes that no reasonable jury could find that Smith had a reasonable expectation of privacy in his police polygraph results. Therefore, the plaintiff's invasion of privacy claim fails as a matter of law.

    The defendants' motions for summary judgment are GRANTED. The clerk is directed to enter judgment for the defendants and close this file.
**IT IS SO ORDERED.**

                                                  /s/
                           **Vanessa L. Bryant**
                           **United States District Judge**

**Dated at Hartford, Connecticut:  June 19, 2009.**